A. M. VANCE *v.* THE STATE.

1. PERJURY. *False report of school teacher. Case in judgment.*
   V. taught a free public school for two terms in the year 1880. The close of the first term as prescribed by law was the last day of August, which was Monday, but with the consent of the patrons V. taught the four remaining school days of that week. It was agreed between him and his patrons that for the four days during which he had thus taught without authority of law he should be compensated at the next term. His teacher's report for August did not embrace these four days. The second term began with November, and at the end of that month he made his monthly report, in which he falsely added enough names to the list of his pupils to entitle him to compensation equivalent to pay for the four days taught as above stated. This report was sworn to by V., and for making such oath he was indicted for perjury and convicted. *Held,* that not being entitled to pay for the four days during which he taught after the termination of the first term, and having knowingly sworn falsely to his November report, V. was guilty of willful and corrupt false swearing.

2. Perjury. *False oath to obtain money.*

Where a person knowingly swears to a false statement in order to obtain money to which he is not legally entitled, and such oath is necessary to the obtaining of the money, he is guilty of perjury. Whether intentional false swearing to a legal claim for money is perjury, *quære.*

3. Same. *Number of witnesses required. Defendant's testimony.*

The rule requiring two witnesses, or one witness and corroborating circumstances, to prove perjury, is satisfied by the testimony of one witness, together with that of the defendant where his own testimony shows his guilt.

4. Same. *Error in instructions. Verdict supported by evidence. Supreme court practice.*

This court will not reverse the judgment on a conviction for perjury, because of error in the instructions for the State, where the testimony of the defendant as well as that of other witnesses clearly evinces his guilt.

Appeal from the Circuit Court of Newton County.

Hon. A. G. Mayers, Judge.

The case is stated in the opinion of the court.

*S. B. Watts* and *T. H. Woods,* for the appellant.

1. The sixth and seventh instructions given by the court below for the State are radically erroneous in that the idea of *corruptness* in the false swearing was excluded from the jury in those instructions. No willful and deliberate false swearing can be perjury unless done *corruptly,* and these instructions should have added the word "corruptly" after the words "willfully and deliberately," or should have used other language indicating to the jury that the *swearing* must be intentionally false. 39 Miss. 546, *Cothran* v. *State.*

But the seventh instruction for the State is likewise vicious, because by it the jury was told that the defendant "cannot justify such false swearing by proof that others or himself thought he could lawfully do so." It would be difficult to conceive a proposition more entirely at variance with law than this. That Vance honestly thought, and that others, his school trustees and patrons, honestly thought that he could lawfully swear to the report in question, no matter how mistakenly they thought so, the jury was told would not negative the idea of *corruptness, willful and intentional falsity* in the alleged false swearing. If anything is settled

it is surely settled that if a man swear falsely *mistakenly, honestly mistakenly*, he can never be convicted of perjury.    2 Wharton Cr. Law, § 2199 ; 57 Miss. 436, mar. two-thirds way down, *Brown* v. *The State.*

If there were no other error than this alone it would require a reversal.

The ninth instruction for the State repeats this vicious proposition, and is also equally misleading.

2. The twelfth charge given by the court for the State is even more faulty than those already considered.    This twelfth instruction tells the jury that " knowingly and deliberately " swearing to what was untrue will warrant a conviction in this case on a charge of perjury.    Having abandoned the long-recognized rule that the jury should be told that the false swearing must be " corrupt," this twelfth instruction goes further and dispenses with the necessity of the jury's being told the false swearing must be " willfully " done. The sixth, seventh, and ninth instructions for the State omit the word " corruptly," and proceed on the notion that " willfully " is its equivalent.    But, growing bolder, the twelfth instruction directs the jury that the false swearing need not be *willful.*

But this twelfth instruction is still more faulty when it charges the jury on the weight of the testimony and erroneously directs the jury to find that the false swearing was " willfully and corruptly " done . if they believe the defendant "knowingly and deliberately " made the affidavit to the report when he knew the report was untrue.    And, as if to crowd as much of error as possible into the briefest space, this charge repeats the erroneous direction given in the seventh instruction and tells the jury that this *knowing* and *deliberate* swearing to a thing which was not true cannot be excused on the ground of all the patrons of the school having assented to it and because the defendant honestly thought he had a right to do it !    Until now we have believed that no false swearing can be held perjury which was recklessly and *mistakenly* done.

3. The fifteenth instruction for the State is worse than wholly abstract ; it charges the jury as to the law on an offense not embraced in the indictment herein, and could have had no other

effect than to mislead and prejudice the jury, and should not have been given.

4. In none of the charges on either side was the jury instructed as to the rule requiring two witnesses, or one witness and corroborating circumstances, to prove the falsity of the affidavit. No matter how many witnesses swore on this part of the case, and no matter what they swore, still, it was error that the court did not somewhere call the attention of the jury to this universal and salutary rule. As this was not done, it is confidently submitted that the case must be reversed. 57 Miss. 436, bottom 9th page and next, *Brown* v. *State.*

*J. L. Harris,* for the State.

CHALMERS, J., delivered the opinion of the court.

Appellant, a school teacher in Newton County, has been convicted of the crime of perjury in swearing to an official report of his school, and has been sentenced to seven years in the penitentiary. He taught a free public school at Erin School-house in said county during both the first and second scholastic terms of the year 1880. The first term closed by law on the last day of August of that year. The day fell on Monday; and though the time limited by law for keeping open the school and for receiving payment from the county closed on that day, by consent of the patrons the school continued until Friday, on which day it closed for the term. At the termination attention was called to the fact that appellant had thus taught four days longer than he could by law be allowed payment for. The report for that month was properly made out, but it was agreed between himself and patrons (all save one assenting to it) that the four days thus lost, for which the county could pay nothing, should be made up to the teacher during the ensuing term. The school opened again for the next term with the month of November, and at the end of that month scholars enough were falsely added to the true number attending the school to make up for the number of days understated in August. It is for swearing to this false report that appellant has been convicted and sentenced. This cannot be considered as merely getting back in November that

which appellant was entitled to in August, because in fact he had
no legal claim on the county at all except for the number of schol-
ars actually taught during that month.    The time for carrying on
the school was definitely fixed by law and closed with the last
week of August.    For this period only could the county be made
to pay.    All taught after that time was lost, and this was so
whether the time was extended or the scholars exaggerated.   It was
not the scheme of the law that the county should pay for as many
days as were actually taught, but only that it should pay for a
fixed number of days during the year, and those days expired with
the month of August.    There was no contemplation of law that
any scholar or any day should be carried forward on the rolls into
another term.    For the extra days taught appellant could look
only to his patrons, but in no manner to the county.

When the names of scholars were carried forward and falsely
added to November, the appellant was seeking, by false swearing,
to collect something from the county to which he was not entitled.
He well knew that his report in November was false in fact; but
the result of swearing to it, as he must have known would be the
case, was to give him something not legally his.    Can he escape
the penalty of his false oath by saying that though he knew it was
false, his neighbors were equally ignorant of the law as himself?
This would be to excuse the taking of an oath intentionally false
upon the ground that somebody else concurred with him in a mis-
take of law.    When a man intentionally makes a false oath to
obtain something which the law does not give him, he is guilty of
perjury, and cannot excuse himself by saying that somebody else
equally ignorant of the law advised him to do it.    Whatever dif-
ference it may make, *in foro conscientiæ*, it can make none in law.
He was not ignorant of the falsehood he uttered, and his ignorance
of the law as to what might have been the result of that falsehood,
if true, cannot affect the result.    He falsely swore that he had
taught a certain number of children in November.    He had really
taught longer than required in August, but such teaching consti-
tuted no claim against the county; so that both the oath in Novem-
ber and the result accomplished by it were false.    The crime of

perjury is complete when the party knowingly swears to that which is false, which oath is necessary for the obtaining of money to which he is not legally entitled. Whether the result would be the same where the oath was intentionally false though the claim was legally due, this case does not require us to decide. Appellant's own belief that he is entitled to it, as well as the grounds of that belief, are wholly immaterial. He knew that the fact sworn to was not true. The perjury was therefore willful. He knew that the money could not be obtained unless he took the oath. It was therefore corrupt. Nor is the result changed because others shared with him the mistake as to what the law was. Some of the instructions for the State were not free from error. But the appellant himself testified in the case and frankly stated every fact detailed above. He was guilty according to his own showing, and unquestionably so from all the statements of others. The errors consisted in the assumption of facts by the court which might perhaps have been left to the jury. But how can this avail him who has himself demonstrated his own guilt? Resting the case wholly on his own testimony, his conviction was inevitable. It was said in *Brown's Case*, 57 Miss. 424, that there should be two witnesses, or one witness and corroborating circumstances, to establish guilt of perjury. There was one witness other than the appellant in this case, and he himself testified to all the facts, thus furnishing the most abundant corroboration. The facts were much controverted, but we have adopted the statement made by the appellant himself, since that demonstrates his guilt. *Affirmed.*