THOMAS KNEALE V. LOPEZ DUKATE ET AL.

[46 South. 715.]

1. MASTER AND SERVANT. *Injury to servant. Dangerous place to work. Notice to master. Constructive notice.*

A master, having knowledge of the dangerous condition of the place where his servant is required to work, is liable for injuries resulting to the servant therefrom; and the master will be presumed to have knowledge of defects which by the exercise of reasonable diligence would have become known to him.

2. INSTRUCTIONS. *Must be predicated of evidence.*

An instruction is erroneous if there be no evidence of which to predicate it.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Kneale, appellant, was plaintiff in the court below; Dukate and others, appellees, partners doing business under the co-partnership name, Lopez & Dukate, were defendants there. From a judgment in defendants' favor the plaintiff appealed to the supreme court.

The suit was for damages resulting from injuries sustained by plaintiff while employed in defendants' factory. The plaintiff was a ship carpenter in the employ of defendants who operated a canning factory, and built boats for their own use. On the day of the accident the plaintiff had been ordered by the superintendent of the factory to repair the floor of the building and in order to size a piece of timber to be placed in the floor he used a circular saw of defendants' which was ordinarily used in the ship repairing department. Near the circular saw was a band saw, and between the two saws a large amount of shavings and trash had accumulated; part of it being very near the belts which furnished motive power for the saw. After plaintiff had sized the timber, he was passing around the circular saw, when a stick caught in the belt which ran the circu-

lar saw, was picked up, and hurled against him causing him to fall against the circular saw and lose the thumb and forefinger of his right hand. According to the testimony it was not plaintiff's duty to remove the accumulation of trash from around the saws, and the foreman of the ship carpenters, Covacevich, had called the attention of Lopez, the general superintendent and one of the owners of the factory, to the accumulation of trash, and asked that it be removed; most of the rubbish had been thrown from the band saw, generally operated by Covacevich, near the belt which ran the circular saw; but the proof failed to show who threw the strip which struck plaintiff into the trash pile. Plaintiff testifies that he saw the accumulation of rubbish near the circular saw, but did not know it was dangerous; and Covacevich testified that he would not allow his men to work there until the rubbish had been cleared away, though neither he nor plaintiff had authority to remove it.

The case went to a jury on instructions from the court, and the jury returned a verdict for defendants. Among other instructions, the court gave the following:

"No. 3. The court instructs the jury in behalf of defendants, if they find from the evidence that the strip of wood which struck the plaintiff had been thrown upon the floor on the day preceding the accident, by the foreman, Covacevich, and that no notice that the saw had been rendered dangerous by means of such strip of wood and other debris having accumulated around the belt had been given to the defendants before the accident occurred, then the jury should find a verdict for the defendant."

*J. H. Mize,* for appellant.

Appellant's injuries were not the result of the negligence of a fellow servant, and this is not a case where the strip of wood which was hurled against appellant's face, causing him to fall on the saw and receive the injuries complained of, came from the saw he was operating. As a general rule, where a man is

operating a saw and is injured by a piece of wood thrown from it at the time of the injury in the natural course of its operation, the injury is held to be one of the incidents attending the operation of the saw, the risk of which he assumes when he undertakes such work; but the negligence complained of here is the negligence of the master in not furnishing a reasonably safe place in which the servant may do the work required of him. In this particular case, the negligence of the master was his failure to remove, or cause to be removed, the strips, debris, and other rubbish which had accumulated from time to time in the passage way through which appellant had to go in pursuance of his work, from the operation of the circular saw and the band saw.

To remove this debris and rubbish was not within the scope of appellant's employment, and his foreman, Covacevich, had been expressly ordered not to do it or have it done.

The throwing of this debris by the circular and band saws and its falling in the passage way between said saws was not negligence on the part of the servants operating said saws nor on the part of the master; it was simply the natural consequence of the operation of the saws. The negligence consisted in this: that the master did not himself remove this debris after it had fallen in the passage way, and did not permit the ship carpenters to remove it, and did not furnish any other servants to remove it, but allowed it to accumulate in said passage way near and up against the belt and became a menace to the safety of workmen operating said saw.

That the master had knowledge that this accumulation of rubbish in the passage way was dangerous, or should have had such knowledge by reasonable inspection of the premises, there is no doubt, because the foreman, Covacevich, had expressly warned the master of the condition of said passage way and asked to be allowed to clear the debris away, this being about a month before the accident occurred, and the master had instructed its foreman not to clear it away; that he would have it.

done by some one else. This is clearly shown by the record and not denied. *Nelson v.* Shaw, 5 Am. Neg. Rep. 743; *Swift v. Hollubeck,* 9 Am. Neg. Rep. 87; *Harder v. Smidt,* 9 Am. Neg. Rep. 227; *Cavanagh v. O'Neal,* 4 Am. Neg. Rep. 527; *Atchison, etc., R. Co. v. Stanley,* 18 Am. Neg. Rep. 416; *Dymond v. Planet, etc., Co.,* 97 App. Div. 43; *Mundhenke v. Oregon, etc., Co.,* 81 Pac. 977; *Bredeson v. Smith Lumber Co.,* 91 Minn. 317; *Busch v. Robinson,* 81 Pac. 237; *Sukinger v. Phillibert Mfg. Co.,* 31 S. W. 957; *Virginia Bridge Co. v. Jordan,* 5 Am. & Eng. Anno. Cases, 711, 39 S. E. 960; *Bowden v. Kansas City,* 1 Am. & Eng. Anno. cases.

Instruction No. 3 for defendant is erroneous because there is no evidence in the record which would warrant the jury in finding that the particular strip which was the cause of plaintiff's injury was thrown on the floor the day preceding the accident by the operation of the saw by Covacevich, and it is erroneous because it proceeds on the theory that some one had to give notice to the master that the debris was in the passage way and was dangerous in order for the master to be held liable. This is assuredly not the law. It is incumbent on the master to use reasonable diligence in the inspection of the premises where his men are at work and the law imputes notice to him if the circumstances are such that a reasonable man, using reasonable diligence in inspecting the premises, would have known of their dangerous condition.

*Ford, White & Ford,* for appellees.

Defendants were entitled to a peremptory instruction, because the plaintiff's case falls of its own weight, and wholly fails to prove that he was hurt in the manner alleged in his declaration; but even if the court should hold that a jury could have ever found that plaintiff was hurt by a stick thrown by the sawbelt, yet there is not the first syllable of evidence of any negligence on the part of the defendants.

We have no quarrel with counsel for appellee as to the duty

of the master to furnish the servant with safe premises and tools with which to work, nor as to his duty to know or to use reasonable care to ascertain their condition as to safety, but all this the defendants did; they furnished plaintiff safe tools, and safe premises, and having done this, a very different rule applies for fixing the responsibility of the master in case the premises become unsafe by reason of the manner in which the saws are operated.

In this case the machinery was not in constant use and the master had no knowledge of when and how they were used, and if the premises had become unsafe at all, it was because of the careless way in which the operator threw the debris around the sawbelt.

"A master cannot be held guilty of negligence if he furnishes his servant with machinery and appliances reasonably safe, when used in the manner they were intended to be used, but which may become dangerous if their use is perverted by the servant." *Grattis v. Kansas, etc., R. Co.,* 77 Am. St. Rep. 721; Thompson on Neg. Sec. 3879.

This accident was one which no human mind could forsee, and while the trash from the operation of the saw might and would accumulate so as to interfere with its operation, unless removed, there was absolutely nothing about the operation of this machine to suggest that it might become dangerous. Plaintiff said himself that he saw the trash there, but did not know it was dangerous. But even if the probable result of the operation of this saw would have been to render its use dangerous, defendants had a right to depend upon plaintiff to notify them when this condition should arise. The mere relation of master and servant never can imply an obligation on the part of the master to take more care of the servant than he may reasonably be expected to do for himself. *Mansfield Coal, etc., Co. v. McEnery,* 36 Am. Rep. 662; Labatt on Master & Servant, Ses. 282; Thompson on Neg. Sec. 3876 (see notes to this section); Ib Sections 3877, 3878, 3879.

Where the opportunity of the servont for knowing the dangerous condition arising from the operation of machinery is equal to that of the master, the servant cannot recover. Labatt in Master and Servant, Sec. 405 (see note to this section).

If the servant's opportunities of knowledge are superior to that of the matser, he cannot recover. Ib. 406.

"The duty which the master owes to his servants is to provide them with safe tools and machinery where that is necessary. When he does this, he does not, however, engage that they will always continue in the same condition. Any defect which may become apparent in their use it is the duty of the servant to observe and report to his employer. The servant has the means of discovering any such defect, which the master does not possess." *Baker* v. *Allegheny Valley R. Co.,* 95 Pa. 211, 40 Am. Rep. 634.

"When the master has provided his servant with safe tools it is the duty of the latter who has them in use to observe their condition, and, if defective, to report the fact to his superior. Having them under his control, he is better able to observe their condition than is the master. If defects exist, and are not observed by those who have them in daily use, how can the master be better able to know of any defects existing? and if the servant uses them without objection the master had a right to assume that no cause of complaint exists." 132 Pa. 343.

"An employer is not liable for the death of an employee killed at his post by the fall of projecting rock, caused by blasting in an adjoining street, where he had no reason to expect that the blasting would weaken the rock, and the employee had better opportunity of observing changes in it than the employer." *Dolan* v. *McLaughlin,* 33 App. Div. 628.

"Negligence cannot be imputed to an employer for failure to shore up a ditch in which an employee injured by the caving in of the sides thereof was working where the latter and those at work with him were better informed than the employer as to the danger to be apprehended from the liability of the earth to

eave, and the shallowness and other physical characteristics of the ditch were not such as to suggest danger, either to the employer or the employees." *Fairmount Cemetery Association v. Davis,* 4 Colo. App. 570, 36 Pac. 911.

The plaintiff having seen the trash piled near the sawbelt and having started the saw and used it of his own volition and without any orders from the defendants, is presumed to have known the danger and to have assumed whatever risk was attendant on its use. Labatt on Master & Servant, Sec. 388; Thompson on Neg. Sec. 3801.

WHITFIELD, C. J., delivered the opinion of the court.

There is a fatal error running throughout the instructions for the defendants, to the effect that, unless the defendants had actual knowledge of the dangerous condition of the premises, the jury should find for the defendants. This is not the law. If the defendants knew, or by the exercise of reasonable diligence ought to have known, in either case the plaintiff would be entitled to recover so far as this proposition is concerned. This error appears in the third, fourth, sixth, seventh, tenth, and thirteenth instructions given for the defendants. Appearing in all these instructions in the most positive terms, it amounts to fatal error. The third instruction is erroneous, because there is no evidence in the record that the foreman, Covacevich, had thrown this particular piece of wood upon the floor of the building the day preceding the accident. That is a pure assumption, unwarranted by the record.

We do not pass upon any other assignments of error than those involved in these remarks.

The judgment is *reversed, and the cause remanded.*