LEE HOPE, BY NEXT FRIEND, *v.* NATCHEZ, COLUMBIA & MOBILE RAILROAD COMPANY ET AL.

[54 South. 369.]

1. MASTER AND SERVANT. *Railroads. Injury to servant. Defective Appliances. Knowledge of defects. Duty to furnish safe appliances. Burden of proof.*

   It is the duty of the master to furnish his servant with reasonably safe tools and appliances with which to work and he is responsible to his servant for any injury received by the servant, while such servant, himself, is in the exercise of due care, by reason of any defect in such tools or appliances of which the master knew or by the exercise of reasonable care and diligence could have known.

2. MASTER AND SERVANT. *Injury to servant. Negligence. Burden of proof*

   The master is responsible to the servant only for injuries received through his negligence, and the burden of proving such negligence is upon the servant, to the same extent that it is upon all other plaintiffs seeking to recover on the ground of negligence.

3. DEFECTIVE TOOLS. *Knowledge of defect.*

   When a servant is injured by reason of a defect in a tool or appliance, one of the essential elements of negligence on the part of the master is knowledge, actual or constructive, of the existence of the defect in the tools or appliance and the burden of showing such knowledge is upon the servant.

4. SAME.

   In order to show constructive knowledge, it is necessary for plaintiff to show that the defect could have been discovered by a reasonably careful inspection of the appliance and also that the master had an opportunity, in the exercise of a reasonable diligence to have made such inspection, and in order to show that the master had such an opportunity of inspection, the plaintiff must show, either that the defect in the appliance existed at the time it was furnished by the master, or in the event that it became defective after it was furnished, that the defect had been in existence for a length of time sufficient to have afforded the master in the exercise of reasonable diligence an opportunity to inspect it.

5. MASTER.  *Performance of duty.  Presumptions.*

> The law presumes the master has discharged his duty to furnish the
> servant with reasonably safe tools and appliances and except as pro-
> vided by statute, and in cases wherein the doctrine of res ipsa
> loquitur applies, this presumption is not overcome by mere proof of
> injury to a servant by reason of defective appliances.

APPEAL from the circuit court of Lincoln county.

HON. M. H. WILKINSON, Judge.

Suit by Lee Hope against the Natchez, Columbia &
Mobile Railroad Company et al.  From a judgment for
defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Holden & Cassidy* and *W. B. Mixon,* for appellant.

A peremptory instruction having been given by the
court, the evidence introduced by the plaintiff for the
purposes of this hearing, must be taken as true.  The
question for this court to decide then is:  ''Does the
evidence for the plaintiff make out a *prima facie* case,''
and, if it does the instruction ought to have not been
given.  The declaration in this case is drawn in three
counts, but the plaintiff on the trial, as the court will see
from the evidence introduced, relied for a recovery on
the negligence of the defendants in failing to provide
reasonably safe machinery and appliances for the use of
the plaintiff in performing the duty required of him.

That the common law required the master to provide
reasonably safe machinery and appliances for the use of
its servants, and that the servant had the right to pre-
sume that the master had done his duty in that respect,
is too well established to require citation of authorities
in its support, and this is true whether the master is a
corporation, a railroad company, or a private person,
so it therefore makes no difference in this case whether
the Butterfield Lumber Company is a railroad or not,
so long as the relation of master and servant between it
and the plaintiff existed, the common law applies be-

cause it is admitted that the plaintiff was in the employ of the Butterfield Lumber Company at the time he was injured, and that they owned and operated the road and the cars and engines by which he was injured.

In the Am. and Eng. Ency. of Law, vol. 20, page 71, the rule is stated thus:

"The master is bound to use reasonable care and prudence for the safety of those in his service in providing them with machinery and appliances reasonably safe and suitable for their use, and is responsible for any injury from an accident that may happen through any defect in the machinery or appliances which was, or ought to have been known to him and was unknown to the employe."

And the author cites the case of *Honora White* v. *Louisville, New Orleans & Texas Railway Company,* 72 Miss. 12.

The same rule in somewhat different phraseology is announced in Cyc., vol. 26, page 1097: "It is the positive duty of a master to furnish his servant with reasonably safe instrumentalities wherewith and places wherein to do his work, and in the performance of these obligations imposed by law, it is essential that regard should be had not only to the character of the work to be performed, but also to the ordinary hazards of the employment, and the servant may assume that the master has performed such duty."

Rapalje & Mack's Digest of Railway Law, vol. 5, p. 67, announces the same rule as follows: "The duties which a railroad corporation owes to its servants and which it is required to perform, are to furnish suitable machinery and appliances by which the service is to be performed, and to keep them in repair and order." And page 88, par. 112 of the same authority makes an application of these principles in a case in which the facts are very similar to the one under consideration.

· In vol. 20, p. 73, in the Am. and Eng. Ency. of Law,
it is also said: "The servant is authorized to rely upon
the performance by the master of his duty in this respect,
and is under no obligation to investigate and test the
fitness and safety of machinery and appliances, unless
he knows them to be defective, or, unless he is charged
with the duty of examining and ascertaining their safety
and suitableness, and cases there cited, including 27 Am.
State Rep. 815."  ·

And the rule that it is the duty of the master to pro-
vide the servant with reasonably safe machinery and
appliances with which to work, and also that the master
is liable for any injury received by the servant through
his failure to do so, unless it was the duty of the servant
to examine the machinery and appliances that is an-
nounced in the above decisions is concisely stated in Cyc.,
vol. 26, page 1213, as follows:

"A person assumes the risks of injury from damages
and defects, which are so patent and obvious, that he
either knew, or in the exercise of ordinary care ought
to have known of their existence. On the other hand, a
servant is under no primary obligations to investigate
for latent defects and test the fitness and safety of the
places, fixtures or appliances provided him by the master.
He has a right to rely on the obligation resting upon the
master to exercise reasonable care to see that they are
fit and safe, and although the circumstances may be
such that a servant is chargeable with notice of such
defects, as are patent and obvious, and of such defects
as in the exercise of ordinary care, he ought to have
notice of, he is not to be deemed as having notice of,
or assuming the risks of such defects and insufficiencies
as can be ascertained only by investigation and inspec-
tion for the purpose of ascertaining that there is no
danger."

The common law of liability in such cases as formu-
lated by all text writers from Blackstone's time to the

present, including the above, has been applied by our court to a case in which the facts were very similar to those in this case. *White* v. *Railway Company,* 72 Miss. 12.

We cite the above authorities to show the common law rule and that it has been approved by various eminent text writers on this subject, and we confidently rely upon same for the reversal of this case.

*T. Brady, Jr.,* for appellees.

There is no testimony showing anything at all of the manner in which the alleged defect was occasioned, and the existence of a defect is not, *prima facie,* evidence of negligence on the part of the master any more than the occurrence of an injury is evidence of negligence. Plaintiff and appellant must show the specific negligence giving rise to the defect. As he has not done this, it follows that it cannot be successfully contended that the alleged defect was due to the negligence of defendant and appellee, the Butterfield Lumber Company. Having thus failed to meet the duty laid upon him to prove that the alleged defect was occasioned directly by the negligence of the master then plaintiff and appellant must fix the master Butterfield Lumber Company with knowledge of the existence of the alleged defect and show that it negligently permitted such a condition to exist. See, Am. and Eng. Ency. Law, 2d Ed., vol. 7, p. 1056, where the rule is laid down as follows:

"When instrumentalities become defective from use, it not only devolves upon the person injured thereby, in an action for damages, to prove such defects, but it must also show either that the master had actual notice of them or that they were such as might have been discovered by the exercise of reasonable and ordinary diligence."

See, also vol. 20 of the same work, at page 92; Rap. & Mack's Dig., vol. 5, §§ 136 and 222; Labatt, vol. 2,

p. 2295; *Howd.* v. *R. R. Co.*, 50 Miss. 178. For a statement of the second part of the rule above announced, see vol. 20, p. 94, 2d. Ed. of Am. and Eng. Ency. Law, where it is said:

"The master 'must have sufficient time to remedy the defect after it is discovered, before he can be charged with negligence. Mere knowledge, without an opportunity to act on it, does not constitute negligence. Nevertheless, if, after knowledge or notice of defects, the master fails to remedy the defect within a reasonable time, he will be guilty of negligence."

There is no attempt made by plaintiff and appellant to fix defendant and appellee with actual notice of the alleged defect, there is absolutely no showing of a constructive knowledge of the alleged defect on the part of the Butterfield Lumber Company, there is no testimony showing that it was the duty of that company to inspect this particular appliance, there is no testimony showing that it failed to inspect, if it did owe such a duty, there is no testimony showing that it failed to exercise ordinary care and prudence in providing and maintaining machinery or proper diligence in remedying alleged defects. There is no testimony showing the slightest negligence of the defendant and appellee in connection with the link.

Argued orally by *J. J. Cassidy* and *J. B. Holden,* for appellant, and *T. Brady, Jr.,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellee Butterfield Lumber Company is a corporation operating a logging railroad, and appellant was employed by it as a brakeman. Appellee's cars were equipped with the old-style link and pin couplers. In order to couple cars thus equipped, it is necessary for the person making the coupling to go between the cars, taking hold of the link, which is usually attached to the

drawhead of the moving car, and insert it in the drawhead of the car to which the other car is to be coupled. On the occasion in question appellant, was engaged in making such a coupling, and exercised all necessary care in so doing. He wore gloves at the time, and offered to prove that it was customary to do so while engaged in this work; but this evidence was objected to by appellee, and excluded, on the ground that it was immaterial, by which we presume appellee meant to admit that the wearing of gloves was no evidence of contributory negligence on the part of appellant. Unknown to him, a sliver, about half an inch long and "not larger than a man's finger," had been partially broken off of the under side of the link and projected straight down. This sliver could easily have been discovered, had the link been inspected for the purpose of ascertaining its condition. This appellant did not, and in fact could not, do while making this coupling; neither was it his duty to make such an inspection at any time. He had succeeded in successfully inserting the link in the drawhead; but in attempting to withdraw his hand his glove became fastened in this sliver, resulting in two of his fingers being caught and crushed between the drawheads, necessitating the amputation thereof. There was no attempt whatever by appellant to show when this link became, or how long it had remained, defective; his evidence being confined to the mere existence of the defect. From all that appeared from the evidence, this sliver might have been broken off the last time the link was used in making a coupling, which, so far as the evidence discloses, might have been only a few minutes before appellant was injured. At the close of appellant's evidence the court charged the jury peremptorily to find for appellee, and there was a verdict and judgment accordingly; hence this appeal. Appellant admits that the judgment is correct in so far as it relates to the Natchez, Columbia & Mobile Railroad Company.

It is the duty of the master to furnish his servant with reasonably safe tools and appliances with which to do his work, and he is responsible to his servant for any injury received by the servant, while himself in the exercise of due care, by reason of any defect in such tools and appliances, of which the master knew, or by the exercise of reasonable care and diligence could have known. *White* v. *Railroad Co.*, 72 Miss. 12, 16 South. 248; *Kneale* v. *Dukate*, 93 Miss. 201, 46 South. 715; 26 Cyc. 1097; 20 Am. and Eng. Ency. of Law (2d Ed.), 71. The master is responsible to the servant only for injuries received through his negligence, and the burden of proving such negligence is upon the servant, to the same extent that it is upon all other plaintiffs seeking to recover on the ground of negligence. When a servant is injured by reason of a defect in a tool or appliance furnished him by the master, one of the essential elements of negligence on the part of the master is knowledge, actual or constructive, of the existence of the defect in the tool or appliance; consequently the burden of showing such knowledge is upon the servant.

In the case at bar no attempt was made to show actual knowledge on the part of the master. In order to show constructive knowledge, it is necessary for appellant to show, not only that the defect could have been discovered by a reasonably careful inspection of the link, but that the master had an opportunity, in the exercise of reasonable diligence, to have made such an inspection. In order to show that the master had such an opportunity for inspection, it was necessary for him to show, either that the defect in the link existed at the time it was furnished by the master, or, in event it became defective after it was so furnished, that the defect had been in existence for a length of time sufficient to have afforded appellee, in the exercise of reasonable diligence, an opportunity to inspect it. Both of these facts can, of course, be established by circumstantial evidence in the

same .manner that any fact may be so established in other cases. Appellant did not attempt to establish either of these facts by any sort of evidence, and consequently the court below did not err in instructing the jury peremptorily to find for appellee. 2 Labatt, Master and Servant, § 832, 20 Am. and Eng. Ency. Law, 86-92; 26 Cyc. 1410 to 1417, inclusive, and 1444 *et seq.*; 4 Thompson on Negligence, § 3864 *et seq.* The law presumes that the master has discharged his duty to furnish the servant with reasonably safe tools and appliances, and except as provided by statute, and in cases wherein the doctrine of *res ipsa loquitur* applies, this presumption is not overcome by mere proof of injury to the servant by reason of a defective appliance.

*Affirmed.*