ALABAMA & V. RY. CO. *v.* MACK WHITE.

[63 South. 345.]

1. MASTER AND SERVANT. *Master's liability. Railroads. Actions for injuries. Burden of proof. Master's knowledge. Defective tools or machinery.*

A railroad company is only required to provide reasonably safe and sufficient instrumentalities for its servants in the performance of their work. Ordinary and reasonable care and diligence is all that is required.

2. MASTER AND SERVANT. *Actions for injuries. Burden of proof.*

The master is responsible to the servant only for injuries received through his negligence, and the burden of proving such negli-

gence is upon the servant, to the same extent that it is upon all other plaintiffs seeking to recover on the ground of negligence.

3. SAME.

When a servant is injured by reason of a defect in a tool or appliance furnished him by the master, one of the essential elements of negligence on the part of the master is knowledge, actual or constructive, of the existence of the defect in the tool or appliance, consequently the burden of proof of showing such knowllege is upon the servant.

4. SAME.

Where the defect in a railroad engine, which caused the injury, developed in transit and the first opportunity to discover it was when the fireman went under the engine when he was injured, in such case the railroad company was not negligent in failing to discover the defect earlier.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by Mack White against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* attorneys for appellant.

*Jas. Thames* and *R. M. Kelly,* attorneys for appellee.

Argued orally by *R. H. Thompson,* for appellant, and *R. M. Kelly* and *J. D. Thames,* for appellee.

REED, J., delivered the opinion of the court.

Appellee recovered judgment against appellant for one thousand five hundred dollars as damages resulting from injury suffered by him in being scalded on his ankle and leg by hot water from the "overflow pipe" under an engine. On the day he was injured appellee was fireman on an engine pulling a freight train from Vicksburg to Jackson and back. When the train reached Clinton on the return trip, a hot box was discovered under the engine.

Appellee was directed to remedy the trouble. When he started under the engine, he found that water was trickling from the "blowback pipe," or "ash pan blower pipe." He went in under the engine between the "blowback pipe" and the "overflow pipe." It appears from his testimony that there was room for him between the two pipes. He states that water from the "blowback" pipe" struck him in the face, and that he then threw his foot up under the "overflow pipe," and was scalded by the hot water pouring from it on his ankle. .

In the declaration the right to recover is based upon the defective condition of the engine. We do not see that the proof sustains this claim. It is shown that the appellee had been in the railroad service some sixteen or seventeen years; that he was an experienced fireman, having served as such for ten years; that he was capable of running an engine, and was well informed regarding its construction and equipment. He testifies that before the train left Vicksburg on the day of the accident he cleaned about the engine, oiling it and filling his water tank, and that the engine was then in good shape to make the trip; that he saw nothing wrong with it on the way to Jackson, and, as far as he knew, it was all right when it left Jackson; that he discovered a "hot box" at Clinton, and that it was his duty to cool the box. The engineer testified that he examined the engine before leaving Vicksburg and found it in good condition. He also testified that there was no defect in the "overflow pipe." Appellee does not claim that he was injured by the water from the "blowback pipe" striking his face. His claim, it will be noted, is that he was scalded by the water from the "overflow pipe."

The railroad company is only required to provide reasonably safe and sufficient instrumentalities for its servants in the performance of their work. The following rule is given in the case of *Wabash Ry. Co.* v. *McDaniels,* 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605: A corporation is under obligation to use "such watchfulness, cau-

tion, and foresight as, under all the circumstances of the particular service, a corporation controlled by careful, prudent officers ought to exercise.'' Ordinary and reasonable care and diligence is all that is required. The only testimony tending to show defective condition in the engine was the statement by the appellee that the overflow pipe was ''not supposed to leak, unless you put on the injector,'' and that the engineer was not manipulating the injector when he was burned. The other testimony in the case was to the effect that all ''overflow'' pipes discharge hot water.

In the case of *Hope* v. *Railroad Co.,* 98 Miss. 822, 54 South, 369, it was decided that ''the master is responsible to the servant only for injuries received through his negligence, and the burden of proving such negligence is upon the servant, to the same extent that it is upon all other plaintiffs seeking to recover on the ground of negligence.''

It is further decided in the case of *Hope* v. *Railroad Co.,* that, ''when a servant is injured by reason of a defect in a tool or appliance furnished him by the master, one of the essential elements of negligence on the part of the master is knowledge, actual or constructive, of the existence of the defect in the tool or appliance; consequently the burden of showing such knowledge is upon the servant.'' If there was a defect in the pipe, appellee has failed to show by sufficient proof that appellant had knowledge of the existence of the defect. From the testimony it does not appear to have existed when the engine left Vicksburg or while at Jackson. If the defect developed in transit, the first opportunity to discover it was when appellee went under the engine. Appellant could not have known of it earlier.

Appellee has failed in his proof in this case. The peremptory instruction in favor of appellant should have been given.

Reversed, and judgment here for appellant.

                                        *Reversed.*