WILLIAMS *v.* CITY OF GULFPORT.

(Division B.   April 25, 1932.   Suggestion of Error overruled May 23, 1932.)

[141 So. 288.   No. 29977.]

**M. D. Brown** and **Mize & Mize & Thompson,** all of Gulf-port, for appellant.

Heiss & Heiss, of Gulfport, and **W. L. Guice**, of Biloxi, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Except for the giving of the instruction which we shall copy herein, the verdict and judgment would be affirmed; no other substantial error appearing in the record.

At the request of appellee, the court granted the following instruction: ''The court instructs the jury for the defendant that if they believe from the evidence that the negligence of the driver of plaintiff's car, if they believe that there was such negligence, was the sole proximate cause of the accident complained of, then they shall find for the defendant.'' We have carefully searched this record and find no evidence upon which the quoted instruction can be substantially based. It is error to grant an instruction which has no substantial support in the evidence. Kneale v. Lopez & Dukate, 93 Miss. 201, 46 So. 715; Interstate Life & Accident Co. v. Cooley, 150 Miss. 502, 117 So. 267.

It is not enough, however, that an instruction is erroneous because not based on evidence; for, if the verdict is manifestly right, or if the evidence is fairly conclu-

sive in favor of the verdict, the error will be regarded as harmless. Storm v. Green, 51 Miss. 103; Duff v. Snider, 54 Miss. 245; Hale v. Hinkle Mercantile Co., 159 Miss. 796, 132 So. 751; Vance v. State, 62 Miss. 137. But where, as in this case, the evidence is sufficient to have supported a contrary verdict, and it is not clear that the erroneous instruction did not influence the result, the error will require a reversal. Solomon v. City Compress Co., 69 Miss. 319, 327, 10 So. 446, 12 So. 339.

Reversed and remanded.