## VERNON L. DAVIS *v.* PATRICK M. SEARCY.  •

1. JURORS. *Impartiality. Relationship to party.*

   If a member of a jury returning a verdict be related to the party in whose favor it is given, and the relationship be unknown to, and intentionally concealed by the juror from the other party until after verdict, a new trial should be granted.

2. JURY TRIAL. *Verdict. Condition.*

   The verdict of a jury should be unconditional; and a verdict in these words: "We, the jury, find for the defendant and assess the costs of court equally between the plaintiff and defendant; it is our wish that if this verdict will not stand, to enter a mistrial," is invalid, and will not support a judgment for defendant with all costs.

3. PROMISSORY NOTE. *Non est factum. Fraud. Instruction.*

   In a suit upon a promissory note to which the only plea is *non est factum*, in the absence of all evidence of fraud in procuring defendant's signature, it is error to instruct the jury that the defendant is not liable although he signed the note if his signature was obtained by fraud.

FROM the circuit court of Grenada county.

HON. JAMES F. McCOOL, Special Judge.

Davis, the appellant, was the plaintiff in the court below; Searcy, the appellee, was defendant there. From a judgment adverse to the plaintiff, he appealed to the supreme court. The opinion states the facts.

*William C. McLean*, for appellant.

1. Two of the jurors were related to the defendant. This was unknown to plaintiff until after the verdict had been returned. Worse than this, there was an actual concealment of the relationship by the jurors themselves; they were asked along with the entire panel if they were related to either party to the suit

Opinion of the court.

and answered that they were not, either affirmatively, or by failure to answer, diverting attention therefrom. This vitiates the verdict.

2. The verdict itself is conditional, invalid and will not support the judgment appealed from. It is manifest that the words of the verdict by which the jury undertook to apportion costs are not surplusage, but impose a condition on the finding, without which it cannot be said that a verdict for defendant would have been rendered; in fact, the language of the jury negatives the idea that such a verdict would have been returned.

3. There was absolutely no evidence tending to show that defendant's signature was fraudulently obtained to the note, and the instruction given for defendant to the effect that he was not liable, although he signed the note, if his signature was fraudulently obtained, is not predicated of evidence, and, of course, under many decisions of this court, is erroneous.

*J. H. Barksdale,* for appellee.

This case involves, simply and purely, a matter of fact, to be determined by a jury; the plea of *non est factum* presenting the controlling issue, and the jury decided for appellee. Davis had a fair trial and lost. No error of law was committed to his prejudice.

That part of the verdict attempting to apportion costs is mere surplusage. The jury had nothing to do with costs, a subject matter left entirely with the court. Code 1892, § 886.

TERRAL, J., delivered the opinion of the court.

Davis sued Searcy on a note, to which Searcy pleaded *non est factum.* Two relatives of Searcy, not disclosing their relationship when asked, were impaneled, and sat upon the case. There being no evidence whatever in regard to fraud, the court instructed the jury that Searcy was not liable, even if he signed the note, if his signature was procured by fraud. The

verdict of the jury was: "We, the jury, find for defendant, and assess the cost of court equally between plaintiff and defendant. It is our wish that, if this verdict will not stand, to enter a mistrial." And of these several matters operating to the prejudice of Davis, he predicates his appeal.

We think the appellant has good cause for complaint upon the several grounds made by him. The relatives of Searcy were incompetent as jurors; the instruction of defendant, relieving him of liability for fraud (there being no fraud proven) was error, and the verdict of the jury was not a completed or absolute verdict. The jury expressly declared that if the costs were not equally divided they wished to enter a mistrial. And the evident meaning of the jury was that they found for defendant upon condition that their apportionment of the costs be accepted by the court, otherwise the finding to stand for naught. The verdict of a jury should be unconditional, and the result of its deliberate judgment, and manifestly this verdict is not of that character.

*Reversed and remanded.*