BANK OF NEWTON v. JAMES M. SIMMONS ET AL.

[49 South. 616.]

PROMISSORY NOTE. *Bona fide holder. Bearer. Defense.*

Payment, or that which is equivalent thereto, is the only defense to a suit, by a *bona fide* purchaser thereof for value, on a promissory note payable to bearer.

From the circuit court of Newton county.

HON. JAMES R. BYRD, Judge.

The Bank of Newton, appellant, was plaintiff in the court below; Simmons and others, appellees, were defendants there. From a judgment in defendants' favor the plaintiff appealed to the supreme court.

Lathrop & Co. sold to appellee Simmons certain rights to act as agents in the sale of patent safety sash locks, and took notes, the other appellees joining in their execution, as part payment of the purchase price for the privilege of representing them as agents. These notes were made payable to bearer, and were discounted by the holders, Lathrop & Co., with the Bank of Newton, without the Bank having notice of any defense whatever. It was afterwards discovered that Lathrop & Co. had sold the same exclusive privilege to numerous other parties, and that a fraud had been perpetrated upon appellees. Upon maturity, the notes in question were presented for payment, and payment refused. The notes went to protest, and this suit was brought to enforce collection. On the trial, the defense interposed was that the notes had been procured by fraud, and the court gave numerous instructions for defendant, which told the jury that if they believed that the bank only held the notes for collection, and had not purchased the same outright, or that any of the officers of the bank had notice of the fraudulent character of the transaction, they should find for the defendant.

*Watkins & Watkins* and *Foy & Banks,* for appellant.

*Flowers & Whitfield,* for appellee.

[The briefs of counsel in this case could not be found when the reporter reached it, hence synopses of them is not given.]

MAYES, J., delivered the opinion of the court.

It is manifest that a fraud was perpetrated on Simmons by Lathrop & Co., when they sold him the exclusive right to sell safety sash locks in Hinds county, and that he obtained nothing for his money or for the execution of the notes; and, if the litigation was between Simmons and Lathrop & Co., there would be no trouble in his defeating the payment of the notes. But the appellees were so unfortunate as to execute to Lathrop & Co. their promissory note payable to bearer, and there is no doubt that the note is now owned by the Bank of Newton, and that the note was bought by the Bank of Newton without any notice of any defense held against it by the maker thereof, and bought in good faith, for value, before maturity, and in the usual course of business. This being the case, there is no defense to the note in the hands of the Bank of Newton, an innocent holder thereof, except that of payment. This is but the application of the familiar rule of law that, where one or two innocent parties must suffer loss, the loss must fall on the one whose act made it possible for the other to be defrauded. In this view of the case, we deem it unnecessary to discuss the instructions granted for the defendant. All of the instructions for defendant were wrong, not as abstract principles of law, but because there was no fact on which to base them.

*Reversed and remanded.*