McLEOD LUMBER CO. *v.* ANDERSON MERCANTILE CO.

[62 South. 274.]

1. EVIDENCE. *Written orders. Secondary evidence. Preliminary proof. Trial. Instructions. Application to evidence. Sales. Pleading. Parol evidence.*

The introduction of parol evidence to show the contents of written orders is not permissible, until the loss or destruction of such orders is first shown.

2. TRIAL. *Instructions. Application to pleading and issue.*

In a suit for the price of goods sold and delivered to another upon the alleged request of defendant, an instruction that if defendant charged to such third party the entire account for which suit is brought and that such third party had paid the defendant in full for same then the jury should find for the plaintiff is erroneous because not supported by the evidence in the case and because the suit was for goods sold and delivered, and not for money had and received.

Appeal from the circuit court of Forest county.

Hon. Paul B. Johnson, Judge.

Suit by Anderson Mercantile Company against the McLeod Lumber Company. From a judgment for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and appellant was the defendant. Suit was brought for an alleged balance due on open account for goods furnished the Glazier Lumber Company and charged to appellant, it being the contention of the plaintiff that appellant had requested the delivery of the goods to the Glazier Lumber Company by written orders and by telephone messages; but appellant claims to have settled for all goods so ordered, and denies liability for any balance over and above the amount already paid, and that the only goods which it agreed to pay for were ordered in writing. At the trial appellee did not produce the written orders, but was permitted to testify as to the contents of same. Appellee was also permitted to introduce a mutual account between the appellant and the Glazier Lumber Company, which appellant contends was entirely irrelevant to the issue. The theory upon which it was admitted was that appellant had charged Glazier Lumber Company with the entire account sued on, and had thus received the benefit of same in their settlement of the mutual account; one of the employees of the Glazier Company testifying that appellant was indebted to the Glazier Company, though the evidence was not clear on that point, and it was not shown what items composed the indebtedness, or how witness arrived at the balance said to be due.

The court gave the following instruction at the request of appellee: "(4) The court instructs the jury, for the plaintiff, that if from the evidence you believe that the McLeod Lumber Company did charge the Glazier Lumber Company with this entire account for which suit is being brought, and that said Glazier Lumber Company

has paid the McLeod Lumber Company in full for same, then you shall find for the plaintiff.'' From a verdict and judgment for plaintiff for the amount sued for, the defendant appeals.

*R. S. Hall,* for appellant.

I first desire to call the court's attention to the first error complained of in the assignment of errors herewith filed in which the appellant complains of the action of the court in permitting the plaintiff to prove the account filed herein by witness, Yarborough, without introducing in court the written orders claimed by appellee to have been given it by the appellant for a portion of the items charged in the account. The court will see from a casual reading of this record that the appellee claimed that the appellant is due the sum recovered in the justice court and circuit court for goods advanced the Glazier Lumber Company, an independent concern, by the appellee at the instance and request of the appellant. The appellant had a right to be confronted with all the written orders given by it to the appellee for the delivery of the goods to the Glazier Lumber Company. Counsel for the appellant in the court below strenuously objected to the introduction of the account or testimony supporting it without the introduction of the written orders. I take it that it is useless to cite authorities on this point; the orders being in writing being the very basis of this action is necessarily the best evidence and the only way that appellee could introduce proof of such orders would be in the manner provided by law, which is to introduce the orders themselves, if in its possession, which possession is admitted by witness, Yarborough. Of course, if the orders had been lost or could not be found then the introduction of secondary evidence would be permissible.

But in this case I insist that appellant had a right to have the original orders introduced in the trial of this case. Mr. Greenleaf has divided writings which consti-

tute primary evidence into three classes: First. Instruments which the law requires to be in writing. Second. Those contracts which the parties themselves have put into writing. Third. All writings where the existence of such is disputed and which are material to the suit. 1 Greenleaf Ev., par. 85.

I submit that the second and third class as distinguished by Mr. Greenleaf as primary evidence includes the written orders because the written orders are simply a contract between the appellant and appellee, and which the parties themselves put into writing; and because the proof in this case shows a dispute as to the existence of some of these orders, and for that reason they become primary evidence.

The court will see on examining the record that the appellee's claim is, that the appellant gave written orders for a portion of the account charged and ordered from Hattiesburg over the telephone to Richton, Mississippi, the delivery of the other items, to the Glazier Lumber Company. And as a matter of fairness to the appellant it ought to have been confronted by its written orders so that the telephone orders could have been squarely in issue; witness, Yarborough, who testified for the appellee is unable to state the exact number of orders given in writing or the exact number of orders given by parole or over the telephone. It is incumbent upon the appellee to show how this account stood, and failing to do so the appellant should never have been required to answer the proof offered during the progress of the trial, and which the appellant had the right to assume that the appellee would confront it with its written orders; the appellant demanded that the introduction of the orders in court as provided for in section 1003 of the Code 1906 in such cases, did then and there give the appellee's counsel notice to produce the same, and which notice in writing as shown by the record, was then and there waived; and over the protest of appellant's counsel the appellee

was permitted to testify as to the liability of the appellant in the face of the statute made and provided. It is the plain duty of the court under section 1003 of the Code of 1906 to have required the appellee to produce the written orders in court; no harm certainly could have come to the appellee by such procedure on the part of the court. The court could have continued the case to another day in the term, or entered some order without hurt or harm to either party. I insist that the action of the court in refusing to require the appellee to produce the written orders under the section cited is reversible error; I am not contending that under the penalty of the statute that the appellant was entitled to judgment because the court had made no order requesting the appellee to produce the written orders, but, had the court requested the introduction of such, I take it that the appellee would have complied therewith. If section 1003 fails to relieve such hardships as is placed upon appellant in this case I see no service of it in the least, and I confidently expect a reversal upon the act of the court in ruthlessly, arbitrarily refusing to compel the appellee to produce the written orders when it was admitted that appellee had them in its possession in its office at Richton, Mississippi.

We now come to the last assignment of error, and if the court disagrees with me in my views as to the other assignments of error I feel that a perusal of the fourth instruction granted the appellee in this case will, of itself, be sufficient to warrant a reversal of this case; and so that the court may easily see the vice of this instruction I desire to here state it which is as follows: "The court instructs the jury for the plaintiff that if from the evidence you believe that the McLeod Lumber Company did charge the Glazier Lumber Company with this entire account for which suit is being brought, and that said Glazier Lumber Company has paid the McLeod Lumber Company in full for same then you should find for the

plaintiff.'' Suppose the McLeod Lumber Company did charge the Glazier Lumber Company with the Anderson Mercantile Company's entire account on which suit was brought and that the Glazier Lumber Company had paid the McLeod Lumber Company in full for same? This would not warrant a recovery by the plaintiff. The Glazier Lumber Company would have a right to recover from the McLeod Lumber Company for money that it had wrongfully exacted from it, but this of itself would not warrant the appellee recovering in its suit. This instruction should have gone further and said: ''Provided that the jury believe that the McLeod Lumber Company had promised to pay the Anderson Mercantile Lumber Company for such stuff.'' By this instruction the jury was instructed to find for the appellee whether they believed the McLeod Lumber Company had ever agreed to pay them for the goods charged against the Glazier Lumber Company, or not. The instruction is vital for another reason; that it put in issue before the jury the question whether the McLeod Lumber Company was due the Glazier Lumber Company anything and *vice versa;* and of course the jury must have believed from the testimony of J. W. McInnis that the McLeod Lumber Company was due to the Glazier Lumber Company nine hundred dollars as claimed by J. W. McInnis; and under this instruction this was all they would have to believe in order to find a verdict for the plaintiff. And I respectfully submit that as before stated the introduction of the erroneous testimony as to the contract between the Glazier Lumber Company and the McLeod Lumber Company and this vital instruction must have caused the jury to decide the entire controversy between appellant and appellee by deciding favorably to the Glazier Lumber Company in its contention that the McLeod Lumber Company was due it nine hundred dollars.

I think that further argument as to this instruction is unnecessary and that the giving of this instruction will force the reversal of this case.

*E. C. Fishel,* for appellee.

This court will readily see that one of the theories upon which this suit is based is for the balance of an account only, which is claimed to have been made over the telephone, and the fact that there was a written order was elicited by counsel for the appellant on cross-examination of the witness, Yarborough, who, at the time of the trial of this case in the circuit court, was not in the employ of the appellee but was living in another state, and whose statements, ''They are on file at Richton,'' was only a conclusion. As for the failure of the court to require the appellee to produce these written orders in court, working a hardship on the appellant, I fail to see it, when both parties admit that they had all been paid and the only question in dispute was concerning the telephone orders. Counsel for appellant relies on section 1003 of the Code of 1906, for a reversal and says that the court ruthlessly and arbitrarily refused to compel the appellee to produce the written orders. I believe that the above section is discretionary and not mandatory and think the court was quite right in refusing to require the production of the orders, unless good cause was shown, and an inspection of the record will fail to reveal where appellant showed or even attempted to show any cause why these orders should be produced.

There is, however, another theory upon which the jury would have been justified in finding for the appellee and that was the theory of money had and received. 27 Cyc. 853, says that proof of an account stated, it has been held, supports a count for money had and received, although it is said that the earlier authorities are against such a doctrine. If this be the law, then the appellee had a perfect right to introduce the account of the McLeod Lumber Company, or rather the statement of the account to the Glazier Lumber Company, which account showed that they had charged the entire account of the Anderson Mercantile Company to the said Glazier Lumber Com-

pany and afterwards on said account showed a balance of $898.29 which sum included the entire Anderson Mercantile Company account as alleged by the appellee, and that the Glazier Lumber Company did business with the appellant for about a month after stating this account with the aforesaid balance. The account above referred to is marked exhibit "1" to the testimony of John McInnis and is the same one referred to by appellant in his third assignment of errors.

The appellant relies on the introduction of this account as being error because it is irrelevant and immaterial and cites *Provision Co.* v. *Jones,* 87 Miss. 277, which, I contend, is not a parallel case, and where the points involved are not the same as the ones in this case. In that case the court held "There was no error in refusing appellant's offer of the books of the appellee "for the purpose of showing the actual loss or gain of Jones Bros. on the carload of lard here in controversy." If they got compound lard, or were authorized to sell it as such, on compromise adjustment after the original contract of sale, the books became immaterial as to what they received for the goods and in the case before the court, the statement to the Glazier Lumber Company made by the appellant showed that at that time appellant had charged this same account for which suit is brought to the said Glazier Lumber Company, and had received the benefit of it, in a settlement between them, and I do not now believe that they could be heard to say that this would be immaterial or irrelevant and prejudicial to them in this cause of action, because however prejudicial it might seem to be, this statement is the act of appellant itself.

As to the fifth assignment of error, I am of the opinion that this fourth instruction contained all that was necessary, and that if the jury believed that the appellant had charged this account to the Glazier Lumber Company and had collected it after hearing the other evidence in the case, then that was all that was necessary for them

to believe. Cyc., vol. 27, page 852, says: "Where, whether through wrong, inadvertence, or mistake one person is wrongfully credited on account or in settlement of accounts, with the payment of money to which another is, in equity and good conscience, entitled, the latter maintains an action for money had and received to his use against the person so credited." Then if the jury believed that the appellant had credited its account with in a statement between itself and the Glazier Lumber Company, even if this account had not been paid, that the appellant would have been liable to the appellee and even though they had never promised to pay appellee, yet appellee could have maintained its action for money had and received. While had the instruction read as suggested by counsel for the appellant I fail to see where it would have made any difference as to the collection of any money wrongfully exacted from the Glazier Lumber Company by appellant, that is in an action between the Glazier Lumber Company, and appellant, whether or not the appellant had promised to pay it to the appellee. It occurs to me that if they had wrongfully exacted any money from the Glazier people that of course they could have maintained their action against appellant even if the appellant had promised to pay it to appellee, but if we agree with counsel for the appellant then we must proceed on the presumption that this statement of the account from appellee to appellant and the statement of the same account from the appellant to the Glazier Lumber Company was wrong and I do not believe that this court will indulge in any such presumption but that if there are any presumptions at all to be indulged in, that it will be that they were correct.

The argument that instruction No. 4 puts in issue to the jury the question before the jury, whether the McLeod Lumber Company owes the Glazier Lumber Company anything is only a conclusion of the counsel for appellant.

SMITH, C. J., delivered the opinion of the court.

This is a suit instituted originally in the court of a justice of the peace by appellee to recover upon an open account for merchandise alleged to have been sold and delivered, the liability for each item of which was denied by appellant. Appellee claims to have delivered the merchandise to the Glazier Lumber Company at the request of appellant, receiving from it in each instance either a written or telephone order so to do.

The court, over the objection of appellant, permitted appellee to introduce parol testimony relative to these written orders, without producing them or showing the loss or destruction thereof, and in so doing committed error.

The fourth instruction for appellee should not have been given, for the reason, first, it was not supported by the evidence; and, second, the suit was for goods sold and delivered, and not for money had and received.

*Reversed and remanded.*