## COLLINS *v.* UNION AND FARMERS' BANK.

[70 South. 581.]

1. COMPROMISE AND SETTLEMENT. *What constitutes. Effect. Appeal and error. Objections below. Necessity. Trial. Action for deposit. Instructions. Applicability to evidence. Banks and banking. Demand.*

   The receipt by a depositor of a check from a bank for a balance of sixty-five cents to which he was admittedly entitled, and which the bank sent with a notice closing his account on account of the small balance, does not work a settlement of the depositor's demand, for nine hundred dollars for which he had already brought suit, claiming that the bank had wrongfully charged his account with a check for that amount, which check he claimed was a forgery.

2. APPEAL AND ERROR. *Objections below. Necessity.*

   Where a depositor, in an action against a bank for the amount of an alleged forged check which was charged against his account, did not as required by Code 1906, section 1974, verify his replication by affidavit denying that he signed the check, the bank cannot on appeal complain of the receipt of testimony on this point when it made no specific objection on this ground in the court below to such evidence.

3. TRIAL. *Action for deposit. Applicability to evidence.*

   When a depositor sued a bank claiming that it improperly charged his account with a forged check, and the bank claimed that the

check was genuine, an instruction that there could be no recovery if the depositor did not promptly notify the bank of the forgery, so that it might recover against its correspondent, was not warranted by the evidence where the depositor promptly notified the bank and assisted one of its officers in attempting to trace down the forgery, and especially since the bank contended that the check was signed by the depositor.

4. BANKS AND BANKING. *Action by depositor. Demand.*

In such case, a written demand was not necessary for the payment of the amount of the forged check before suit, in view of the fact that the bank through its officials, had denied its liability for the amount, and had denied that the plaintiff had this amount on deposit.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Suit by A. B. Collins against the Union & Farmers' Bank. From a judgment for defendant, plaintiff appeals. The facts are fully stated in the opinion of the court.

*R. E. Halsell*, for appellant.

We think the judgment in this case ought to have been in favor of Collins. The defendant failed to prove, according to our judgment, by a preponderance of the evidence, that the check bore the signature of Collins. Collins denied the signing of the check, and we think the bank failed to overcome his evidence. We further think that all of the instructions given to the defendant were clearly wrong, and not the law, and served to prejudice the jury against Collins. Instruction number 3 reads as follows:

"The court instructs the jury for the defendant that if they believe from the evidence that the defendant bank mailed to the plaintiff the sum of sixty-five cents, in full settlement of plaintiff's account with said bank, and that said sum was accompanied by a letter of the cashier of defendant bank, stating that said sum closed the account, and that said letter and said sum of sixty-five cents were received by plaintiff, and accepted by him, and retained by him, then that was a final settlement of the account, and the plaintiff is not entitled to recover in this action."

This instruction ought not to have been allowed by the court for the reason the instruction fails to show the date of the letter claimed to have been mailed the plaintiff, and there was no proper testimony to prove the mailing of such a letter. In addition to this the instruction is clearly wrong, and should not have been given for the reason the letter and statement were claimed to have been mailed on September 1, 1911, Collins living fourteen or fifteen miles in the country. Our recollection is defendant testified it registered this letter to Collins, but it produced nothing to show it had done such a thing. The court will bear in mind Collins filed his declaration in this case on the 23rd day of August, 1911, and service was had on the bank on the 25th day of August, 1911, so this statement, and this letter sent September 1, 1911, occurs to us to have been offered to manufacture testimony, and the instruction should not have been allowed because the statement was mailed, if it was mailed, after suit had been filed and service had on the defendant. Anyway, to admit such testimony in a case of this sort the proof ought to be very clear and beyond dispute, because it opens the door for a defendant to manufacture, and make for himself testimony. It is so easy for the bank to say it mailed the statement, and sent the money, and produce a copy of the letter. This instruction alone must have influenced the jury, and caused them to find against Collins. For this reason we think the case ought to be reversed.

*Street & Street,* for appellee.

The right result was reached in this case, whether it be viewed from a legal standpoint or as a question of fact. It is right from a legal standpoint because:

(A) Under the state of the pleadings the bank was entitled to win, because it pleaded the nine hundred dollar check as a defense to the action and averred the signature to be genuine. It was not proper to have allowed Col-

lins to deny that he signed the check for the reason that he did not deny by plea verified by oath that he signed the check. Code 1906, section 1974.

(B)  He retained the check and is estopped from claiming it to be a forgery at this late day, after the bank had lost the opportunity of holding the endorsers.  Zane on Banks and Banking, page 266; 14 So. 335; 27 L. R. A. 426; 17 Am. St. Rep. 889.  He must return the check. 47 N. E. 1009; 114 Am. St. Rep. 595.

(C)  No written demand was made on the bank before suit for the payment of the nine hundred dollars and banks are prohibited from paying out money except on written demand.

As stated before, the issue in the case was presented squarely to the jury, and no authorities are cited in support of the contentions made by appellant, and if there is any error in the instructions some authority ought to be produced to show it; but, the verdict of the jury and the judgment are right on the facts.  In fact, it is difficult to see how the jury could have reached any other conclusion than that the check is not a forgery, and we submit that the judgment of the circuit court ought to be affirmed.

Potter, J., delivered the opinion of the court.

This is an appeal from the circuit court of the Second district of Jones county.  Appellant, plaintiff in the court below, filed his suit against the Union & Farmers' Bank, a banking corporation in business at Sandersville, in said district and county, for nine hundred dollars for money had and received from the plaintiff.  The general issue was pleaded by the defendant with a special plea setting up in defense of the suit a written statement of the plaintiff's account at the bank and alleging that the account was correct.  The account rendered purported to set out all of the credits and debits of the bank with the plaintiff from October 20, 1910, the time when the account was started, until May 11, 1911, when it was

alleged that the plaintiff had a balance of sixty-five cents in the bank. The checks are not set out in the pleading, except the date and amount of each check.

. The defendant pleaded in its special plea that on September 1, 1911, it sent to the plaintiff by mail, postage paid and properly addressed to him at his post office, the sum of sixty-five cents, in full settlement of the balance due by defendant and that on the same date it wrote plaintiff a letter, inclosing the sixty-five cents and stating that the amount closed the account. The copy of the letter was made an exhibit to the special plea. The defendant further alleged that this sum was retained and accepted by the plaintiff in full settlement of his account. The plaintiff filed a replication to defendant's special plea, to which the defendant filed a demurrer, which was sustained, and leave granted plaintiff to amend. Whereupon plaintiff filed his amended response to the defendant's special plea, admitting that the account as set out by defendant in its special plea was correct, except as to a check for nine hundred dollars dated at Muskogee, Oklahoma, December 12, 1910, a copy of which was made an exhibit to plaintiff's response. In this response the plaintiff charged that the check for nine hundred dollars was a forgery, and not the plaintiff's writing, and that the defendant had no right or authority to pay the check and charge same to the account of plaintiff, as it was not signed by the plaintiff or any one by his authority either directly or indirectly. He denied that he had any knowledge of the check until he called on the bank to ascertain his balance on deposit. The plaintiff denied that he accepted the canceled check with the statement of his account, and denied that he ever acknowledged the account as correct, but alleged that he promptly repudiated the check, and then and there told the bank that it was not his check, and that it should not be charged to his account. He denied that he had ever received any sum in full settlement of the account and insisted that the nine hundred dollars was still owing.

The plaintiff testified that the check was forged, and that as soon as the nine hundred dollar item was called to his attention, he so notified the bank. The defendant's witnesses testified that the plaintiff had made statements to the effect that, if he signed the check, he was "drugged," and another statement to the effect that he had given the check in payment of some horses purchased at Muskogee. The case was submitted to the jury, and a verdict was returned for the defendant.

The following instruction was given at the request of the defendant:

"The court instructs the jury for the defendant that, if they believe from the evidence that the defendant bank mailed to the plaintiff the sum of sixty-five cents in full settlement of plaintiff's account with said bank, and that said sum was accompanied by a letter of the cashier of defendant bank stating that said sum closed the account, and that said letter and said sum of sixty-five cents were received by the plaintiff and accepted by him and retained by him, then that was a final settlement of the account, and the plaintiff is not entitled to recover in this action."

The above instruction was predicated on a statement of the plaintiff's account with the defendant bank which was sent the plaintiff together with sixty-five cents in money and the following letter:

"We regret to note that your account with this bank has not been active of late; the inclosed statement showing no deposit or check since May, 11, 1911.

"You will note from the inclosed statement that a small balance of sixty-five cents is still due you by the bank. On account of this balance being so small and having to carried from day to day, we are inclosing same herewith.

"However, while this closes the account to date, we hope it will not remain closed long, and that you will again carry a balance with us.

"Thanking you for past business, and awaiting your further pleasure, we are,"etc.

We can see no just ground upon which the acceptance of the sixty-five cents inclosed with the above letter and general statemnt of plaintiff's account at the bank could have constituted an accord and satisfaction of the disputed item of nine hundred dollars. That the plaintiff was disputing the correctness of the charge of nine hundred dollars against him cannot be denied, because he had already filed his suit for this item. The sixty-five cents sent him was an amount in addition to this, about which there was no controversy. It is inconceivable that the plaintiff intended to settle his claim for nine hundred dollars in consideration of the payment of sixty-five cents of his own money. It is true the plaintiff retained the sixty-five cents mailed him; but he had a right to do this, as it was his own money, and there was no controversy with reference to this small balance.

The attention of the plaintiff was not directed by the above letter to the controversy with reference to the nine hundred dollar item. The nine hundred dollar item was charged on the account; but it only signified that the bank still had him charged with the nine hundred dollar item which he disputed. Not only must an offer be made in full settlement of a disputed claim, but it must be accepted as full settlement. There is nothing in the letter above quoted to call plaintiff's attention to the fact, if it were a fact, that the defendant bank was offering this sixty-five cents in money in full settlement of defendant's claim for nine hundred dollars.

The giving of the above instruction was manifest error.

It is contended by the appellee, however, that it was not proper to have allowed Collins to deny that he signed the check for the reason that he did not deny by a plea verified by oath that he signed the check, as required by section 1974 of the Code of 1906. No motion was made by the defendant in the lower court to strike out this plea, nor was the court's attention in any way called to this omission during the trial of the case. The defendant objected to any testimony denying the signature of the

check, but did not state specifically upon what ground he made this objection. If he had specifically called the court's attention to the fact that the plea in the replication was not verified as required by statute, undoubetdly the trial judge would have permitted the plaintiff to amend by then and there verifying the pleading in question. We are therefore of the opinion that, the defendant having failed to specify the grounds of his objection, the court was not in error in refusing to exclude the testimony offered. *Heard* v. *State,* 59 Miss. 545.

Another instruction granted the defendant is as follows:

"The court instructs the jury for the defendant that, although they believe from the evidence that the plaintiff did not sign the check in controversy, yet, if they further believe from the evidence that Mr. Collins failed to promptly and positively repudiate said check by pronouncing it a forgery, and accepted the check when delivered to him by the bank along with his statement, and kept the same, and thereby caused the bank to lose the opportunity of sending the check back to the bank from which it received same, thereby causing a loss to the defendant bank, then the jury will find a verdict in favor of the defendant."

It was error to grant this instruction, because, if plaintiff's version of the facts be true, as soon as he discovered the alleged forgery he showed the check to the cashier of the bank, and one of the directors of the bank went with him to Muskogee, with the check in their possession, for the purpose of trying to recover the money; and, further than this, there is no pretense that any demand was ever made on the plaintiff for the check. If the defendant's version of the facts be true, it would be impossible for the bank, with any degree of consistency, while insisting in this suit with Mr. Collins that the check is genuine, to make an attempt to collect from the indorsers.

It was also urged that no written demand was made on the bank before suit for the payment of the nine hundred
110 Miss.—33

dollars. This was not necessary in view of the fact that the bank, through its officials, had denied its liability for the nine hundred dollars, and had denied that the plaintiff had this amount on deposit.

For the errors above set out, this cause is reversed and remanded.

*Reversed and remanded.*