INTERSTATE LIFE & ACCIDENT CO. *v.* COOLEY.*

(Division A. May 14, 1928. Suggestion of Error Overruled June 11, 1928.)

[117 So. 267. No. 27095.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1036, n. 67; Trial, 38Cyc. p. 1618, n. 36.

*L. B. Melvin,* for appellant.

*J. C. Smith,* for appellee.

McGowen, J. In this case, there was a judgment for the appellee, Leona Cooley, for the sum of two hundred five dollars against the appellant, Interstate Life & Accident Company, on a life insurance policy issued on the life of Hattie Porter, appellee's mother. No copy of the application of insurance was attached to the policy when delivered, and the case was submitted to the jury, upon the validity, or invalidity, of the release executed by Leona Cooley, the appellee, in favor of the appellant company, for a consideration of one dollar.

As this case must be reversed, we shall not discuss the facts in detail, save to say that the evidence of the plaintiff, the appellee, relied upon to show that the release secured by the agent of the defendant company by virtue of misrepresentation, is very weak. It was not shown whether the plaintiff could read or write, and her evidence is unsatisfactory. However, no peremptory instruction was requested.

For the giving of the following instruction by the court, this cause must be reversed:

"The court instructs the jury for the plaintiff, Leona Cooley, that, if they believe from the evidence that the plaintiff received and receipted for one dollar or an insufficient amount due her as beneficiary in the life policy herein sued on and surrendered same, relying solely on the statement of the defendant or its agent or agents respecting her rights thereunder, and which she since learns were untrue in law and fact, she is not bound by the purported receipt or release."

A critical examination of the record does not disclose to us that there was any evidence to the effect that the agent of the defendant company advised the plaintiff as to her rights, and there is no evidence suggesting that she afterwards learned that the representations were untrue, or that she relied on same. She did testify that she signed the instrument without knowing its contents, and that she was frightened. In her statement that she

was unduly frightened she was sustained by one other witness. The instruction does not fit the facts of the case, and is not cured by any instruction granted the appellant.

*Reversed and remanded.*