GOODEN *v.* GAGE.*

(Division B. June 4, 1928. Suggestion of Error Overruled.
Aug. 24, 1928.)

[117 So. 881. No. 27244.]

*Corpus Juris-Cyc. References: Trial, 38Cyc, p. 1603, n. 59.

ANDERSON, J. Appellee sued out the writ of attachment in this case against the appellant in the court of a justice of the peace of Coahoma county to enforce the collection of an indebtedness of eighty-four dollars and forty-six cents due by the latter to the former. There was a trial and a judgment in the court of the justice of the peace, from which judgment an appeal was taken to the circuit court of that county, where there was a trial

*de novo,* resulting in a judgment in favor of appellee. From that judgment the appellant prosecutes this appeal.

The grounds of attachment set out in appellee's affidavit therefor were as follows:

(1) That the defendant was a nonresident of this state;

(2) That she had removed, or was about to remove, her property out of this state;

(3) That she so absconded or concealed herself that she could not be served with process;

(4) That she had converted, or was about to convert, her property into money or the evidences of debt with intent to place it beyond the reach of her creditors;

(5) That she had removed, with like intent, leaving property in this state.

There was sufficient evidence tending to establish the fourth ground of attachment. However, there was no evidence whatever tending to establish the first, second, third, and fifth grounds of attachment. Notwithstanding that fact, the court gave the following instruction for appellee:

"The court instructs the jury for the plaintiff that if you believe the defendant was (1) a nonresident of the state, (2) or had removed or was about to remove herself or her property out of the state at the time this attachment was sued out, (3) or that she so absconded or concealed herself that she could not be served with summons or dispose of her property, or some part thereof, with the intent of defrauding her creditors, (5) or that she had converted or was about to convert her property into money or evidence of debt, with the intent of placing it beyond the reach of her creditors, then you should find for the plaintiff, that the writ of attachment was rightfully sued out."

The action of the court in giving that instruction for appellee is one of appellant's grounds of appeal. As

stated, there was no evidence upon which to base any of the grounds of attachment, except the fourth. The court, therefore, erred in submitting to the jury the question whether any one or more of the other four grounds of attachment were sustained by the evidence. And this was such an error as was calculated to mislead, and may have misled, the jury.

The other alleged errors complained of, if errors at all, were unsubstantial, and could not have influenced the verdict of the jury.

*Reversed and remanded.*