Industrial Loan & Investment Co., Inc., *v.* Miller.

(Division B. May 9, 1932. Suggestion of Error Overruled, June 6, 1932.)

[141 So. 587. No. 30001.]

**Brandon & Brandon,** of Natchez, for appellant.

**Whittington & Brown,** of Natchez, for appellee.

Argued orally by **G. H. Brandon,** for appellant, and by **L. A. Whittington,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Adams county against Gordon K. Meschutt, Lotta H. Meschutt, Mrs. Ellen R. S. Meschutt, and appellee upon a promissory note signed by all the defendants and R. L. Millette, by the terms of which the defendants obligated themselves to pay to appellant the sum of five hundred forty-three dollars and forty-eight cents in ten installments of fifty-four dollars and thirty-five cents each, on the first day of each month thereafter, with interest at six per cent. per annum after maturity. There was a verdict and judgment against all of the defendants except appellee. There was a verdict and judgment in his favor; from that judgment appellant prosecutes this appeal.

Appellee pleaded the general issue and gave notice thereunder that he would prove that, although his name appeared on the note as maker, in truth and in fact he executed the same only as indorser and was therefore secondarily and not primarily liable thereon; that default was made in the first installment of the note due on August 1, 1929, and on August 3, 1929, before that installment was paid, for a valuable consideration, appellant granted to Gordon K. Meschutt and the other makers of the note an extension of the time of payment for a definite period without the knowledge or consent of appellee, and therefore, appellee, being a mere surety on the note, was released from liability thereon; and, furthermore, that thirty-three days after the execution of the note appellant took additional security for the loan which resulted in releasing appellee from liability. Appellant joined issue on the matter set up in the notice of the general issue.

There was little, if any, real conflict in the material evidence in the case. Briefly stated, this is the case. On July 1, 1929, the Meschutts, R. L. Millette, and appellee

executed and delivered to appellant the note sued on. The consideration for the note was a loan by the appellant to Gordon K. Meschutt. No part of the consideration in the note was received by appellee. The note contained this stipulation on its face: "The undersigned are all principals and are jointly and severally liable for the full amount of this obligation. The makers, principals and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note." R. L. Millette, one of the makers of the note, was appellant's manager. The loan was negotiated through him. At the time of the execution of the note, the Meschutts assigned to R. L. Millette, to secure him against loss as one of the makers of the note, certain collaterals, and about a month after the execution of the note gave him a chattel mortgage for the same purpose. No consideration passed from appellant for the transfer of the collaterals and the execution of the chattel mortgage. The only security appellant had was the signatures on the note. The first installment on the note fell due on August 1, 1929, and was paid on that date, and so was the second installment due September 1, 1929; the third, due October 1, 1929, was paid on October 9th, and the one due on November 1, 1929, was not paid until December 11th. Thereafter default was made on all of the installments falling due.

Appellee testified that it was understood when he signed the note that he was signing it as surety and not as maker—that he was to be secondarily and not primarily liable. This evidence went in without objection from appellant. There was no substantial evidence establishing or tending to establish the fact that there was any binding agreement between the Meschutts and appellant supported by valuable consideration extending the payment of the note for a definite period. The nearest approach to such evidence was that of appellee, who testified that there must have been an extension of the time

of payment because he was not given notice of default in the payment of the installments, and for the further reason that Gordon K. Meschutt stated to him that there had been an extension. Appellee introduced as part of his evidence two letters written him by appellant long after the execution of the note, in which he was referred to as an indorser on the note. This evidence went in without objection on the part of the appellant.

The question therefore whether, under the law, if an objection had been made by appellant to the evidence offered by appellee upon the ground that its effect was to vary the terms of the stipulations in the note above copied, it ought to have been sustained by the court, is not presented and therefore not decided.

The action of the court in granting appellee the following instruction is assigned and argued as error by the appellant upon the ground that there was no evidence in the case to support such an instruction: "The court instructs the jury for the defendant that if you believe from the evidence in this case that it was the contract, understanding, and agreement of plaintiff and defendant, Louis C. Miller, Jr., that he be bound as an endorser on said note and as endorser to and surety of said Gordon K. Meschutt, and that thereafter for a valuable consideration given it the Industrial Loan and Investment Company, Inc., without the consent of Miller and without expressly reserving any right of recourse against him, done at the time, extended the time of payment on said note then it is your sworn duty to find for the defendant, Louis C. Miller, Jr."

This assignment of error is well taken. Mere forbearance or indulgence on the part of the holder of a note will not release a surety. An agreement to extend the time of payment which will release a surety must be a positive binding agreement supported by new and valuable consideration. "In other words, in order to effect the release of the surety by an agreement to extend the

time of payment, the creditor must so tie his hands under the new agreement as to preclude himself from enforcing the old contract during the period covered by the extension.'' Graham v. Pepple, 132 Miss. 612, 97 So. 180, 184, 30 A. L. R. 1278.

The evidence relied on as constituting a release of the appellee wholly fails to meet the requirements of the law; therefore the instruction had no application to the case and should have been refused.

Appellee argues, however, that appellant is not in a position to take advantage of the error in the giving of the instruction because it failed to object to the evidence. We do not think there is any merit in this contention. It is error to give an instruction where there is no evidence to sustain the hypothesis set out in the instruction. N. O. G. N. R. Co. v. Frazer, 158 Miss. 407, 130 So. 493; Gooden v. Gage, 151 Miss. 351, 117 So. 881; Interstate Life & Accident Co. v. Cooley, 150 Miss. 502, 117 So. 267; Collins v. Union & Farmers' Bank, 110 Miss. 506, 70 So. 581; McLeod Lumber Co. v. Anderson Mercantile Co., 105 Miss. 498, 62 So. 274; Bank of Newton v. Simmons, 96 Miss. 17, 49 So. 616; Davis v. Searcy, 79 Miss. 292, 30 So. 823; 14 R. C. L., pp. 766-787, section 51.

Reversed and remanded.